UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| UNITED STATES OF AMERICA | CRIMINAL NO. 05-50040 |
|---|---|
| versus | JUDGE WALTER |
| REGINALD G. DAVIS | MAGISTRATE JUDGE HORNSBY |

---

### **MEMORANDUM ORDER**

Defendant has filed a Motion to Suppress (Doc. 15) contending that his confession was not voluntarily given, but rather was the product of inducements made by the officers interrogating him. Defendant argues that express promises of leniency were made to him; that his requests to cease questioning were ignored; and that, under the totality of the circumstances, the incriminating statements made by Defendant were not the product of his free and rational choice. Once a transcript of the interrogation was prepared, Defendant filed a Supplemental Memorandum In Support of Motion to Suppress (Doc. 28), and the Government filed its Response (Doc. 29).

The transcript of the interrogation shows Defendant was told, among other things, that:

> "*the least amount of talking you do means the most amount of charges I put on you.*" Tr. 5-6.

> "[t]he only way to take some slack and to *take some charges off* is just to be straight." Tr. 43.

> "People on the Grand Jury are normal people. You know one of the biggest things that they like to see is people that come in there and say I screwed up and this is how it happened. And whey you can tell your side of the story as to how it happened they can listen to it and go damn you know.... But when they have somebody sitting over there going I ain't had nothing to do with nothing. What do they identify with? *Oh he's going to be a hard ass. I'll show him a hard ass*.... That's why we're giving you the opportunity." Tr. 44.
>
> "I personally think *it will be a lot more severe* if I go to the Grand Jury .... and get an indictment. Tr. 55.
>
> "[t]here is a lot we could charge you with. There might even be a misdemeanor we could charge you with. I don't know. All I know is what we could do is say okay *which is the worst felony*? Tr. 55.

[Emphasis added.]

The undersigned has reviewed all of the cases cited by the parties in their briefs. However, after reviewing the entire transcript, including those portions cited above, the undersigned desires further briefing from the parties on the questions of (a) whether the officers threatened or suggested to Defendant that his exercise of the right to remain silent could result in harsher treatment by the court or the prosecutor; and, if so, (b) what effect the threats or suggestions had on the voluntariness of Defendant's statements under the totality of the circumstances. Of course, a discussion of relevant Supreme Court and Fifth Circuit cases is preferable, but, in the absence of such cases dealing with this particular issue, the parties are welcome to submit non-binding authority to the court for whatever guidance, if any, it may offer. See e.g., United States v. Harrison, 34 F.3d 886 (9th Cir. 1994); South Dakota v. Tuttle, 650 N.W.2d, 2002 SD 94 (S.D. 2002); Beavers v. Alaska, 998 P.2d 1040

(Alaska 2000); Matthews v. Alabama, 601 So.2d 52 (Ala. 1992); Passama v. Nevada, 103 Nev. 212, 735 P.2d 321 (1987).

Defendant's supplemental brief shall be filed no later than September 14, 2005, and the Government's response shall be filed no later than September 22, 2005.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6 day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE